UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GARNETT SMITH** | : | **DOCKET NO. 2:21-cv-03640** |
| REG. # 54853-037 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **SEKOU MA'AT, WARDEN** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Garnett Smith on October 14, 2021 (doc. 1) and an amended petition, filed on the proper form, filed on November 15, 2021 (doc. 4). Smith is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

On January 12, 2017, Garnett Smith was involved in an altercation involving two other inmates. Doc. 1, att. 1, pp. 4, 5. Officer Michael Beck witnessed Smith and inmate Antonio Johnson punching and kicking inmate Dedrick Coates, who was lying on the ground unconscious. *Id*. Beck ordered both inmates to stop and they refused. *Id*. While Beck was attempting to move

Johnson off of Coates, he and Johnson stumbled and Smith "missed Coates with a closed fist punch" and struck Beck in the left temple. *Id*. at p. 4.

. Petitioner was cited for, and ultimately found guilty of, two counts of violating Prohibited Act Code 224, "assaulting any person." *Id*. at pp. 4, 5. He filed several Administrative Remedy Requests in 2017 (*id*. at pp. 9-11), and on August 4, 2017, the matter was remanded to the DHO for rehearing (*id*. at p. 2).

Petitioner asserts that on April 2, 2018, Incident Number 2939840 was dismissed on appeal. Doc. 4, p. 7. He then began the process of seeking to have Incident Number 2939842 dismissed. Doc 1, att. 1, pp. 14-16, 24-30. The last rejection from the Warden, dated January 21, 2021, was because petitioner submitted his request or appeal to the wrong level and was untimely. Doc. 1, att. 1, p. 20.

Smith filed the instant petition seeking to have this Court dismiss Incident Number 2939842. Doc. 4.

## II.
### LAW & ANALYSIS

#### A. *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits

before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. *Application*

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The BOP, which administers the prison in which petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director. 28 C.F.R. 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id*.

Exceptions to the exhaustion requirement apply only in extraordinary circumstances, and a § 2241 petition should be dismissed without prejudice when the petitioner fails to exhaust his administrative remedies.[1] *Castano v. Everhart*, 235 Fed. App'x 206, 207–08 (5th Cir. 2007); *see also Pierce,* 614 F.3d at 160 (district court did not have jurisdiction to rule on § 2241 petition before BOP had made determination of petitioner's sentencing credit). Exhaustion means "proper

---

[1] The Supreme Court holds that failure to exhaust must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 127 S.Ct. 910 (2007). However, the PLRA does not apply to federal habeas proceedings and nothing in *Jones* prohibits the sua sponte dismissal of a § 2241 petition of exhaustion grounds. *See, e.g., Callahan v. Young*, 2013 WL 3346842 at *2 n. 2 (W.D. La. Jul. 2, 2013); accord *Wy v. Berkebile*, 2008 WL 5262711 at *2 n. 2 (N.D. Tex. Dec. 17, 2008) (citing *Korobov v. Angeli*, 2008 WL 2787874 at *1 (M.D. Pa. Jul. 17, 2008)).

exhaustion," including compliance with all administrative deadlines and procedures. *Woodford v. Ngo*, 126 S.Ct. 2378, 2385 (2006).

The record establishes that petitioner did not properly exhaust, as he did not comply with all administrative procedures. After a Disciplinary Hearing Officer's finding that he was, in fact guilty on two counts of violating Prohibited Act Code 224, petitioner filed several Administrative Remedy Requests in 2017 (id. at pp. 9-11), and on August 4, 2017, the matter was remanded to the DHO for rehearing (*id*. at p. 2).

On April 2, 2018, petitioner asserts that Incident Number 2939840 was dismissed on appeal. Doc. 4, p. 7. He then began the process of seeking to have Incident Number 2939842 dismissed. Doc 1, att. 1, pp. 14-16, 24-30. The last rejection from the Warden, dated January 21, 2021, was due to the fact that petitioner submitted his request or appeal to the wrong level and was untimely. Doc. 1, att. 1, p. 20.

It is clear from the foregoing that petitioner has failed to properly exhaust his administrative remedies, as his complaints were rejected because of filing defects. Thus, as petitioner has failed to exhaust administrative remedies on the claims raised in the instant petition and he has failed to establish that any exceptions apply that would excuse his failure to exhaust, his petition is subject to dismissal without prejudice for failure to exhaust administrative remedies.

### III.
#### CONCLUSION

For the reasons stated above, Smith's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 7th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE